Dear Mr. Dupont:
You have requested the opinion of this office as to whether the Atchafalaya Basin Levee District has the authority to hire a professional legislative consultant.
La. R.S. 38:306 provides that each board of commissioners of a levee district may "do and perform any and all acts necessary to insure the thorough and adequate protection of the lands of the district from damage by flood, and, in the case of levee and drainage boards, for the adequate drainage and control of the district. "This broad grant of authority to the board of commissioners would encompass the hiring of a professional legislative consultant whose job it would be to follow and advise as to legislation which may have an effect on the District's ability to perform its legal obligations both physically and financially. Also encompassed would be a consultant obligated to present to the appropriate legislative body the District's position and factual information about legislation having a bearing on the board's efforts to insure protection of the lands and drainage control of the District.
Further, La. R.S. 38:309 provides that "[t]he board of commissioners shall . . . be constituted a body politic or a political corporation invested with the powers inherent in corporations." Clearly among these powers is the power to hire such legislative consultants to perform the functions described in your request.
However, the Levee District should be cognizant of La. R.S.43:31 dealing with prohibitions as to printed matters. Paragraph (D) provides that:
 "D. No funds appropriated for printing purposes or otherwise shall be used to urge any elector to vote for or against any candidate or proposition on an election ballot nor shall such funds be used to lobby for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority. This provision shall not prevent the normal dissemination of factual information relative to a proposition on any election ballot or a proposition or matter having the effect of law being considered by the legislature or any local governing authority."
These restrictions must be observed by any legislative consultant that the Levee District hires to perform the duties described in your request. This statute does not interfere with the Levee District's actual authority to hire the consultant.
We hope this answers your inquiry. If you have any further inquiry, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:cdw-278z